UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacob Baker, | C/A: 6:12-3154-JMC-JDA |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Federal Election Commission, President Barack Obama, George W Bush, Mitt Romney, Virgil Goode, Jill Stein, | |
| Defendants. | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks monetary damages in the amount of four million dollars. ECF No. 1 at 5. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *in Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995)

Discussion

It is impossible to determine from the Complaint and its numerous attachments what sort of claim Plaintiff is attempting to bring before this Court. He makes vague allegations such as "I Had never Seen People Be assault So Bad. The Mental Retard People. Can get Away with Commite a crimer." ECF No. 1 at 4 (all spelling, grammar and punctuation are

2

Plaintiff's). The gravamen of the Complaint might be that Plaintiff's name was not on the ballot for the United States presidential election on November 6, 2012. On his Civil Cover Sheet, Plaintiff places check marks next to several Civil Rights Nature of Suit Codes (for 441 Voting; 444 Welfare; 446 Americans with Disabilities - Other; and for 440 Other Civil Rights). ECF No. 2.

As it appears Plaintiff is attempting to collect monetary damages for the deprivation of civil rights, this case is analyzed as one brought under 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). This Complaint fails to satisfy the first element of a § 1983 claim, and is thus subject to summary dismissal.

Since Plaintiff has made no allegation of a deprivation of civil rights, he has failed to state a claim upon which relief may be granted.

### Recommendation

Accordingly, it is recommended that the District Court dismiss this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke*

*v. Williams*; *Haines v. Kerner*; *Todd v. Baskerville*; 28 U.S.C. § 1915(e)(2)(B)(ii); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  ***Plaintiff's attention is directed to the important warning on the next page.***

                                                                             s/Jacquelyn D. Austin
                                                                             U.S. Magistrate Judge

November 14, 2012
Greenville, SC

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).